IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RABURN BARBEE,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 4:16-cv-01506** |
| v. | § | |
| | § | |
| **ALLSTATE TEXAS LLOYD'S AND** | § | |
| **THOMAS ALLISON,** | § | |
| | § | |
| *Defendants*. | § | |

### ALLSTATE TEXAS LLOYD'S
### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant, ALLSTATE TEXAS LLOYD'S ("Allstate"), files this its Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy, and respectfully shows the following.

**I.**

**FACTUAL BACKGROUND**

1. On or about April 13, 2016, Plaintiff filed his Original Petition in a case styled *Raburn Barbee v. Allstate Texas Lloyd's and Thomas Allison,* Cause No. 2016-23464, pending in the 113th Judicial District Court for Harris County, Texas.

2. CT Corporation received service of the Original Petition on or about April 27, 2016 for Allstate Texas Lloyd's. In response, Allstate filed its Original Answer to Plaintiff's Original Petition on May 20, 2016.

3. Defendant, Thomas Allison ("Allison"), received service of the Original Petition by mail on or about April 27, 2016.

4. Allstate files this notice of removal within 30 days of receiving service of Plaintiff's pleading. *See* 28 U.S.C. §1446(b).

5. Attached hereto are copies of the following documents:

- **Exhibit A:** The state court's Docket Sheet;
- **Exhibit B:** Plaintiff's Original Petition;
- **Exhibit C:** Citation served on Allstate Texas Lloyds;
- **Exhibit D:** Allstate Texas Lloyds' Original Answer to Plaintiff's Original Petition;
- **Exhibit E:** List of Parties and Counsel
- **Exhibit F:** Texas HO-A-Plus Homeowners Policy (identified as Policy No. 229 168 443)

## II.

## BASIS FOR REMOVAL

6. Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A. Plaintiff and Allstate Are Diverse

7. Upon information and belief, Plaintiff, Raburn Barbee, was a resident of the State of Texas at the time the lawsuit was filed.  See Plaintiff's Original Petition, ¶ 2.

8. Defendant, Allstate is not a citizen of the State of Texas. Instead, Allstate was and remains an association of underwriters whose individual underwriters are all residents and citizens of the State of Illinois and New Jersey.[1]  "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association

---

[1] *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-884 (5th Cir. 1993), *cert. denied*, 522 U.S. 815 (1997); s*ee also Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998).

[such as Allstate] is determined . . . solely by the citizenship of its members." *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes).[2] The individual underwriters of Allstate Texas Lloyd's and their citizenship are as follows:  1). Donald J. Bailey – New Jersey; 2). Teresa J. Dalenta – Illinois; 3). Kimberley M. Bartos - Illinois; 4). William G. Hill – Illinois; 5). James W. Jonske – Illinois; 6). Katherine A. Mabe – Illinois; 7). Laurie Pellouchoud – Illinois; 8). Richard J. Smith, Jr. – Illinois; 9). Myron E. Stouffer – Illinois; and 10.) Steven C. Verney - Illinois.  Accordingly, Allstate is a citizen of the States of Illinois and New Jersey, not the State of Texas.

### B. Co-Defendant, Thomas Allison, Was Improperly Joined In This Lawsuit

9. Plaintiff's Original Petition alleges that Co-Defendant, Allison, is a resident of the State of Texas.  However, Plaintiff has improperly joined Allison as a party to this lawsuit.

10. A party may establish improper joinder when it shows (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), cert. denied, 544 U.S. 992 (2005); *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 699 (5th Cir. 1999). Allstate would show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant, individually," which is the test adopted by the Fifth Circuit in *Smallwood*. 385 F.3d at 573. Allison, an insurance agent, committed no tort in his individual capacity.

---

[2] "Fifth Circuit jurisprudence is equally clear."  *See Massey,* 993 F. Supp. at 570 (citing *International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997)).

11. A court may resolve the issue of whether a plaintiff has a reasonable basis of recovery in one of two ways. *Id.* "'The court may [either] conduct a Rule 12(b)(6)-type analysis . . . [or], in its discretion, pierce the pleadings and conduct a summary inquiry.'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, Ltd., No. 14-20552, 2016 WL 1274030, at *8 (5th Cir. Mar. 31, 2016) (quoting Smallwood, 385 F.3d at 573). "Certainly a court *may* choose to use either one of these two analyses, but it *must* use one and only one of them, not neither or both." *Id.* at *7.

12. If a court chooses to apply the 12(b)(6) analysis, then it will initially look "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. However, in *International Energy Ventures Management., L.L.C. v. United Energy Group.*, the Fifth Circuit recently opined that this particular language of *Smallwood* "must not be read to imply that a state pleading standard applies." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, at *7. The court further stated that "the Smallwood opinion unequivocally announced its own test for improper joinder under the second 'way' immediately thereafter," which did not include the *in state court* language. *Id.* Thus, if a federal court chooses to conduct a Rule 12(b)(6)-type analysis to determine whether there is no reasonable basis to predict that a plaintiff might be able to recover against a non-diverse defendant, then the court must "apply the federal pleading standard embodied in that analysis." *Id.* at *8. Because "the Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*: 'To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'"" *Id.* at *3 (quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (U.S. 2007).

13.     Further, under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). The purpose is to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 554, 555 (2007) (internal quotation marks and ellipsis omitted). And the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 547. Yet the Court need not credit naked conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 570. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). And "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")). "When the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim has facial plausibility. *Iqbal*, 556 U.S. at 663.

14.     In his Petition, Plaintiff alleges the following relating to Allison:

> 10. Allstate through its agent, Allison, sold the Policy, insuring the Property, to Plaintiff. Allstate represented to Plaintiff that the Policy included hail and windstorm coverage damage to Plaintiff's home.
>
> 51. Specifically, Allison misrepresented that the Policy afforded benefits in the form of payment for hail and wind damages, when the Policy did not.

15.     The main dispute in this case is whether Plaintiff's property sustained a covered loss - - specifically wind and/or hail damages claimed by Plaintiff. The contract at issue in this case is a Texas HO-A-Plus Homeowners Policy that Allstate Texas Lloyd's issued to Plaintiff and his spouse, Sandra Barbee, for the period of March 17, 2015 to March 17, 2016. *See* **Exhibit 'F'**.

<u>That policy expressly provides Windstorm, Hurricane and Hail coverage</u>, and provides in pertinent part:

**SECTION I – PERILS INSURED AGAINST**

**COVERAGE A (DWELLING) AND COVERAGE B (PERSONAL PROPERTY)**

We insure against physical loss to the property described in Coverage A (Dwelling) and Coverage B (Personal Property) caused by a peril listed below, unless the loss is excluded in Section I Exclusions.

\* \* \*

3. **Windstorm, Hurricane and Hail.**

    This peril does not cover:

    a.   loss to the following:

        (1)   cloth awnings, greenhouses and their contents, buildings or structures located wholly or partially over water and their contents.

        (2)   radio and television towers, outside satellite dishes, masts and antennas, including lead-in wiring, wind chargers and windmills.

    b.   loss caused by rain, snow, sand or dust, whether or not driven by wind, unless the direct force of wind or hail makes an opening in the roof or wall and the rain, snow, sand or dust enters through this opening and causes the damage.

\* \* \*

16.   There is no dispute that the subject policy provided Windstorm, Hurricane and Hail coverage (as quoted above). And at no time has Allstate alleged otherwise. Thus, contrary to the allegation in paragraph 51 of the Petition, Allison did not <u>misrepresent</u> that the subject policy provided coverage for hail/wind damage because, as is clear from the plain language of the policy (quoted above), it did provide such coverage. *See* Exhibit 'F'. Plaintiff's Petition does not identify any other alleged "misrepresentations" committed by Allison.

17. All other allegations in Plaintiff's Petition regarding Allison are conclusory, in that they contain no reference to any material facts to which the law should apply. Those allegations include the following:

> A. By Allison's acts, omissions, failures, and conduct, Allison violated sections 17.46(b)(2) and 17.46(b)(5) of the DTPA. Allison's violations include causing confusion as to the Policy benefits, and representing that the Policy had benefits or characteristics that it did not possess.
>
> B. Allison breached an express warranty during the sale of the Policy that the damages caused by wind and hail would be covered under the Policy, when they were not. This breach entitles Plaintiff to recover under 17.46(b)(12), 17.46(b)(20), and 17.50(a)(2) of the DTPA.
>
> C. The conduct, acts, omissions, and failures of Allison are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.
>
> D. The conduct, acts, omissions, and failures of Allison are unconscionable in that he took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. This unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA.

(Refer to Original Petition, ¶ 48A-D)

18. Briefly summarizing statutory language and common law causes of action, as Plaintiff did in his Petition, is not the same as pleading actionable facts to which a cause of action should apply. Thus, there is no reasonable basis for the Court to predict that Plaintiff might be able to recover against Allison. *See Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, at *3-4 (N.D. Tex. 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (S.D. 2009) (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery).

19. Further, without asserting facts as to how Allison individually committed an actionable violation of the Texas Insurance Code, Plaintiff's claims cannot survive dismissal.[3] Generic allegations will not support an arguable basis of individual liability against the individual Non-Insurer Defendant.[4] Texas law is clear that to be liable for alleged Insurance Code violations, Allison, individually, must have committed the violation that caused the harm.[5] Here, the alleged harm is Allstate's failure to pay the claim.

20. "[T]o state a valid state law cause of action, Plaintiff's Petition must demonstrate a 'factual fit' between the allegations and the pleaded theory of recovery."[6] It does not. Mere recitals of the elements of a cause of action supported by conclusory statements are insufficient to establish a state law cause of action.[7] Here, Plaintiff has asserted claims against Allison simply in an attempt to defeat diversity jurisdiction. And Plaintiff's assertions against Allison, the non-diverse Defendant, fail to show any likelihood of recovery against Allison individually. Thus, the citizenship of the non-diverse Defendant, Allison, is disregarded and removal of this case to federal court is proper.

---

[3] *See Twombly*, 550 U.S. at 555.

[4] *Caballero v. State Farm Lloyds*, 2003 WL 23109217 (S.D.Tex. 2003) (Hudspeth, J.) (not designated for publication).

[5] *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F.Supp.2d 697 (S.D.Tex. 2007).

[6] *See First Baptist Church of Mauriceville, Texas v. Guideone Mut. Ins. Co.*, 2008 WL 4533729 (E.D.Tex. 2008 (not designated for publication) (Hines, J.) *See also Terrell v. Ace European Group Ltd.*, No. 1:09-cv-506, slip op. at 12 (E.D. Tex. Feb. 24, 2010) (citing *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 700 (5th Cir. 1999)).

[7] *See Ashcroft v. Iqbal*, 129 S.Ct 1297 (2009).

    **D. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction**

21. As alleged in his Original Petition, Plaintiff seeks monetary relief between $100,000.00 and $200,000.00. Therefore, the amount in controversy exceeds the jurisdictional requirements for removal. (Refer to Original Petition, ¶ 64)

## III.

## THE REMOVAL IS PROCEDURALLY CORRECT

22. Allstate received this lawsuit on April 27, 2016, when service was perfected upon it through CT Corporation. Thus, Allstate is filing this Notice within the 30-day period required by 28 U.S.C. § 1446(b).

23. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because i) this District and Division include the county in which the state action has been pending, and ii) a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

24. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

25. Promptly after Allstate files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

26. Promptly after Allstate files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Harris County District Court pursuant to 28 U.S.C. §1446(d).

27. Consent of an improperly joined defendant is not necessary for removal. Thus, Co-Defendant Allison's consent is not necessary. Nonetheless, and in an abundance of caution, Allison has consented to removal by Allstate pursuant to 28 U.S.C. §1446(b)(2)(A).

## IV.

## **CONCLUSION**

28. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Allstate Texas Lloyd's hereby removes this case to this Court for trial and determination.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/   Christina M. Fears*

**Roger D. Higgins,** *Attorney-in-Charge*
Southern District Bar No. 33282
Texas State Bar No. 09601500
*E-Mail:* rhiggins@thompsoncoe.com
700 North Pearl Street
Twenty-Fifth Floor – Plaza of the Americas
Dallas, Texas   75201
(214) 871-8200  Telephone
(214) 871-8209  Facsimile

~ and ~

**Christina M. Fears**
Southern District Bar No. 2368166
Texas State Bar No. 24060923
*E-Mail:* cfears@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas   77056-1988
(713) 403-8210  Telephone
(713) 403-8299  Facsimile

*ATTORNEYS FOR DEFENDANT -*
**ALLSTATE TEXAS LLOYD'S**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 27, 2016, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

Chad T. Wilson
Stephen Mengis
Chad T. Wilson Law Firm, PLLC
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Email: cwilson@cwilsonlaw.com
Email: smengis@cwilsonlaw.com

*Counsel for Plaintiff*

*/s/ Christina M. Fears*
CHRISTINA M. FEARS

## VERIFICATION

STATE OF TEXAS            §
                          §
COUNTY OF HARRIS          §

BEFORE ME, the undersigned notary public, on this day personally appeared CHRISTINA M. FEARS, who, being by me duly sworn, on her oath deposed and said that she has read the foregoing Notice of Removal and that the statements contained therein are within her knowledge and true and correct.

_____
CHRISTINA M. FEARS

SUBSCRIBED AND SWORN TO BEFORE ME by Christina M. Fears on this, the 27th day of May, 2016, to certify which witness my hand and official seal.

VERONICA PIZZITOLA
Notary ID 1016071-9
My Commission Expires
September 14, 2017

_____
NOTARY PUBLIC
State of Texas

2463691v1
03645.986