UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RABURN BARBEE, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:16-cv-01506 |
| | § | |
| ALLSTATE TEXAS LLOYD'S | § | |
| Defendant. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Raburn Barbee ("Plaintiff"), and files **Plaintiff's Original Complaint and Jury Demand**, complaining of Allstate Texas Lloyd's ("Allstate" or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### PARTIES

1. Plaintiff, Raburn Barbee, resides in Harris County, Texas.

2. Defendant, Allstate Texas Lloyd's, is a Texas insurance company, engaged in the business of insurance in the State of Texas. Plaintiff request service of citation upon Allstate Texas Lloyd's through its registered agent for service, **C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**. Defendant has been served and has answered.

### JURISDICTION

3. This case was originally properly filed in the 113th Judicial District Court of Harris County, Texas, and all claims asserted arose under Texas state law. Defendant removed asserting federal diversity jurisdiction pursuant to 28 U.S.C. §§1441 and 1446.

## VENUE

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b)(2) because Plaintiff's insured real property made the basis of this suit is situated in this district and division and all or a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this district and division.

## FACTS

5. Plaintiff asserts claims for breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

6. Plaintiff owns an Allstate Texas Lloyd's homeowner's insurance policy, number 000229168443 ("the Policy"), which was issued by Allstate. At all relevant times, Plaintiff owned the insured premises located at 4803 Saint Andrews Drive, Baytown, Texas 77521 ("the Property").

7. Allstate, through its agent, Thomas Allison, sold the Policy, insuring the Property, to Plaintiff. Allstate represented to Plaintiff that the Policy included hail and windstorm coverage for damage to Plaintiff's home.

8. On or about April 19, 2015, the Property sustained extensive damage resulting from a severe storm that passed through the Baytown, Texas, area.

9. In the aftermath of the hail and windstorm, Plaintiff submitted a claim to Allstate against the Policy for damage to the Property. Allstate assigned claim number 0394229546 to Plaintiff's claim.

10. Plaintiff asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

11. Allstate hired or assigned its agent, James Allen Pratt ("Pratt") to inspect and adjust the

claim. Pratt inspected the Property on or about December 14, 2015. Despite obvious water stains in the interior of the home, Pratt found that there was no coverage for damage to the interior or exterior of the Property under Plaintiff's Policy. In a letter dated the same day as the inspection, Pratt informed Plaintiff that "[a]fter reviewing your policy we were unable to provide coverage for water stains to ceiling in utility room and bedroom #4 and water damage to wall in living room."

12. On January 5, 2016, Allstate, through its agent Joel Buentello, inspected Plaintiff's home and again found no storm damage to Plaintiff's Property. In a letter dated January 8, 2016, Buentello stated, "[o]ur investigation revealed there is no opening to the roof or walls created by the direct action of wind or hail...Therefore, there is no coverage for the water damage on your dwelling interior."

13. Allstate conducted two substandard and improper inspections of the Property, which resulted in two denials of coverage for Plaintiff's claim.

14. Allstate has ultimately refused any coverage which includes, but is not limited to replacement or repair of the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, and HVAC system. The storm compromised the integrity of the roof, allowing water to enter, causing water damage to a bedroom and the laundry room. The damage to Plaintiff's Property is currently estimated at $23,661.56, not including overhead and profit.

15. As stated above, Defendant improperly adjusted Plaintiff's claim. Without limitation, Defendant misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under

the Policy.

16. Allstate made these and other representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Allstate made these representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Allstate's agents, Pratt and Buentello.

17. Plaintiff relied on Defendant's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property.

18. Upon receipt of the inspection reports from its Pratt and Buentello, Allstate failed to assess the claim thoroughly. Based upon Allstate's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to denying coverage, Allstate failed to provide coverage due under the Policy, and Plaintiff suffered damages.

19. Because Allstate failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

20. Allstate failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Allstate refused to pay any additional proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

21. Allstate's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Allstate and Plaintiff.

22. Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Allstate has failed to settle Plaintiff's claim in a fair manner, although Allstate was aware of its liability to Plaintiff under the Policy. Specifically, Allstate has failed to, in an honest and fair manner, balance its own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

23. Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Allstate failed to provide Plaintiff a reasonable explanation for denial of the claim.

24. Additionally, after Allstate received statutory demand on January 11, 2016, Allstate has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

25. Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Allstate refused to provide coverage to Plaintiff under the Policy due to Defendant's failure to conduct a reasonable investigation.

26. Specifically, Allstate, through its agents, servants, and representatives, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and

inequitable evaluation of Plaintiff's losses on the Property.

27. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Allstate failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

28. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Allstate failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Allstate has delayed full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received payment.

29. Defendant's wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing Plaintiff with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE TEXAS LLOYD'S INSURANCE COMPANY

### BREACH OF CONTRACT

30. Allstate is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiff.

31. Allstate's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

32. Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

33. Allstate's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

34. Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

35. Allstate's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

36. Allstate's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

37. Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

38. Allstate's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

39. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

40. Allstate's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though Allstate knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

41. Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Allstate pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Allstate. Specifically, Allstate's violations of the DTPA include, without limitation, the following matters:

8

A.  By its acts, omissions, failures, and conduct, Allstate has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Allstate's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.  Allstate represented to Plaintiff that the Policy and Allstate's adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.  Allstate represented to Plaintiff that Allstate's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.  Allstate advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.  Allstate breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.  Allstate's actions are unconscionable in that Allstate took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Allstate's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

    G.    Allstate's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

42.    Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiff's damages. All of Allstate's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

43.    Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

44.    Defendant waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

45.    The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

46.    Plaintiff currently estimate that actual damages to the Property under the Policy are $23,661.56, not including overhead and profit.

47. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above described acts, omissions, failures, and conduct of Defendant have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

48. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of the claim, consequential damages, together with attorney's fees.

49. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b)(1).

50. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

51. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Allstate owed, exemplary damages, and damages for emotional distress.

52. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with

"malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for its wrongful conduct, and to set an example to deter Defendant and others from committing similar acts in the future.

53. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

54. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff has tendered the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendant, Allstate Texas Lloyd's, be cited and served to appear, and that upon trial hereof, Plaintiff, Raburn Barbee, recovers from Defendant, Allstate Texas Lloyd's, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as

may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff, Raburn Barbee, may show himself justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Southern District Bar No. 2246983
Bar No. 24079587
CWilson@cwilsonlaw.com
Christian E. Hawkins
Southern District Bar No. 2755190
Bar No. 24092499
CHawkins@cwilsonlaw.com
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of Plaintiff's Motion for Leave to File Plaintiff's Amended Complaint has been sent to counsel of record by certified U.S. Mail, facsimile, hand delivery, or electronic service on this 13th day of June, 2016.

/s/ *Chad T. Wilson*