UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RABURN AND SANDRA BARBEE,<br>Plaintiffs, | § § § | |
| V. | § § | CIVIL ACTION NO. 4:16-cv-01506 |
| ALLSTATE TEXAS LLOYD'S<br>Defendant. | § § § | |

## PLAINTIFFS' THIRD AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Raburn and Sandra Barbee ("Plaintiffs"), and files **Plaintiffs' Third Amended Complaint and Jury Demand**, complaining of Allstate Texas Lloyd's ("Allstate" or "Defendant") and for cause of action, Plaintiffs respectfully show the following:

### PARTIES

1. Plaintiff, Raburn Barbee, resides in Harris County, Texas.

2. Plaintiff, Sandra Barbee, resides in Harris County, Texas.

3. Defendant, Allstate Texas Lloyd's, is a Texas insurance company, engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon Allstate Texas Lloyd's through its registered agent for service, **C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**. Defendant has been served and has answered.

### JURISDICTION

4. This case was originally properly filed in the 113th Judicial District Court of Harris County, Texas, and all claims asserted arose under Texas state law. Defendant removed asserting

federal diversity jurisdiction pursuant to 28 U.S.C. §§1441 and 1446.

## VENUE

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b)(2) because Plaintiffs' insured real property made the basis of this suit is situated in this district and division and all or a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this district and division.

## FACTS

6. Plaintiffs assert claims for breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7. Plaintiffs own an Allstate Texas Lloyd's homeowner's insurance policy, number 000229168443 ("the Policy"), which was issued by Allstate. At all relevant times, Plaintiffs owned the insured premises located at 4803 Saint Andrews Drive, Baytown, Texas 77521 ("the Property").

8. Allstate, through its agent, Thomas Allison, sold the Policy, insuring the Property, to Plaintiffs. Allstate represented to Plaintiffs that the Policy included hail and windstorm coverage for damage to Plaintiffs' home.

9. On or about April 19, 2015, the Property sustained extensive damage resulting from a severe storm that passed through the Baytown, Texas, area.

10. In the aftermath of the hail and windstorm, Plaintiffs submitted a claim to Allstate against the Policy for damage to the Property. Allstate assigned claim number 0394229546 to Plaintiffs' claim.

11. Plaintiffs asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

12. Allstate hired or assigned its agent, James Allen Pratt ("Pratt") to inspect and adjust the claim. Pratt inspected the Property on or about December 14, 2015. Despite obvious water stains in the interior of the home, Pratt found that there was no coverage for damage to the interior or exterior of the Property under Plaintiffs' Policy. In a letter dated the same day as the inspection, Pratt informed Plaintiffs that "[a]fter reviewing your policy we were unable to provide coverage for water stains to ceiling in utility room and bedroom #4 and water damage to wall in living room."

13. On January 5, 2016, Allstate, through its agent Joel Buentello, inspected Plaintiffs' home and again found no storm damage to Plaintiffs' Property. In a letter dated January 8, 2016, Buentello stated, "[o]ur investigation revealed there is no opening to the roof or walls created by the direct action of wind or hail...Therefore, there is no coverage for the water damage on your dwelling interior."

14. Allstate conducted two substandard and improper inspections of the Property, which resulted in two denials of coverage for Plaintiffs' claim.

15. Allstate has ultimately refused any coverage which includes, but is not limited to replacement or repair of the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, and HVAC system. The storm compromised the integrity of the roof, allowing water to enter, causing water damage to a bedroom and the laundry room. The damage to Plaintiffs' Property is currently estimated at $23,661.56, not including overhead and profit.

16. As stated above, Defendant improperly adjusted Plaintiffs' claim. Without limitation, Defendant misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs'

3

Property, as well as the amount of insurance coverage for Plaintiffs' claim or loss under the Policy.

17. Allstate made these and other representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Allstate made these representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Allstate's agents, Pratt and Buentello.

18. Plaintiffs relied on Defendant's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs' Property. Plaintiffs' damages are the result of Plaintiffs' reliance on these misrepresentations regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs' Property.

19. Upon receipt of the inspection reports from Pratt and Buentello, Allstate failed to assess the claim thoroughly. Based upon Allstate's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to denying coverage, Allstate failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

20. Because Allstate failed to provide coverage for Plaintiffs' insurance claim, Plaintiffs have been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiffs' Property.

21. Allstate failed to perform its contractual duties to Plaintiffs under the terms of the Policy. Specifically, Allstate refused to pay any additional proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all

conditions precedent to recover upon the Policy were carried out by Plaintiffs.

22. Allstate's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Allstate and Plaintiffs.

23. Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Allstate has failed to settle Plaintiffs' claim in a fair manner, although Allstate was aware of its liability to Plaintiffs under the Policy. Specifically, Allstate has failed to, in an honest and fair manner, balance its own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

24. Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Allstate failed to provide Plaintiffs with a reasonable explanation for denial of the claim.

25. Additionally, after Allstate received statutory demand on January 11, 2016, Allstate has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

26. Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Allstate refused to provide coverage to Plaintiffs under the Policy due to Defendant's failure to conduct a reasonable investigation.

27. Specifically, Allstate, through its agents, servants, and representatives, performed an

outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

28. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Allstate failed to reasonably accept or deny Plaintiffs' full and entire claim within the statutorily mandated time after receiving all necessary information.

29. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Allstate failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Allstate has delayed full payment of Plaintiffs' claim longer than allowed, and Plaintiffs have not received payment.

30. Defendant's wrongful acts and omissions forced Plaintiffs to retain the professional services of the attorneys and law firm representing Plaintiffs with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE TEXAS LLOYD'S INSURANCE COMPANY

### BREACH OF CONTRACT

31. Allstate is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiffs.

32. Allstate's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

33. Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

34. Allstate's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

35. Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

36. Allstate's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

37. Allstate's unfair settlement practice of refusing to pay Plaintiffs' full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

38. Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

39. Allstate's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

40. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

41. Allstate's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, even though Allstate knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

42. Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by Allstate pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Allstate. Specifically, Allstate's violations of the DTPA include, without limitation, the following matters:

A. By its acts, omissions, failures, and conduct, Allstate has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Allstate's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B. Allstate represented to Plaintiffs that the Policy and Allstate's adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C. Allstate represented to Plaintiffs that Allstate's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Allstate advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. Allstate breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F. Allstate's actions are unconscionable in that Allstate took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Allstate's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

G. Allstate's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

43. Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiffs' damages. All of Allstate's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

44. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

45. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

46. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiffs' claim in violation of the laws set forth above.

47. Plaintiffs currently estimate that actual damages to the Property under the Policy are $23,661.56, not including overhead and profit.

48. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above described acts, omissions, failures, and conduct of Defendant have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' Property and any investigative and engineering fees incurred.

49. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of the claim, consequential damages, together with attorney's fees.

50. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs' are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs asks for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b)(1).

51. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of the claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

52. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Allstate owed, exemplary damages, and damages for emotional distress.

53. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with

"malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for its wrongful conduct, and to set an example to deter Defendant and others from committing similar acts in the future.

54. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

55. Plaintiffs hereby request a jury trial for all causes of action alleged herein. Plaintiffs have tendered the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendant, Allstate Texas Lloyd's, be cited and served to appear, and that upon trial hereof, Plaintiffs, Raburn and Sandra Barbee, recover from Defendant, Allstate Texas Lloyd's, such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees

for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs, Raburn and Sandra Barbee, may show themselves justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Southern District Bar No. 2246983
Bar No. 24079587
CWilson@cwilsonlaw.com
Christian E. Hawkins
Southern District Bar No. 2755190
Bar No. 24092499
CHawkins@cwilsonlaw.com
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiffs' Third Amended Complaint has been sent to counsel of record by certified U.S. Mail, facsimile, hand delivery, or electronic service on this 8th day of September, 2016.

*/s/ Chad T. Wilson*